UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN SMALL, individually and as
representative of a class of similarly-situated
persons,

        Plaintiff,

v.                                       Case No. 12-CV-11062
                                       Honorable Denise Page Hood

KMART HOLDING CORPORATION, KMART
PHARMACIES, INC., KMART OF MICHIGAN,
INC., KMART CORPORATION, SEARS
BRANDS, LLC and JOHN DOES 1-10,

        Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO STRIKE CLASS ACTION ALLEGATIONS**

**I.    INTRODUCTION**

This action involves the Telephone Consumer Protection Act. Now before the Court is Defendants' Motion to Dismiss, or, in the Alternative, to Strike Class Action Allegations. For the reasons stated below, Defendants' Motion to Dismiss is DENIED.

**II.    STATEMENT OF FACTS**

On or about April 3, 2008 and April 8, 2008, Plaintiff received two unsolicited facsimile messages from Defendants.[1] Both faxes are from Kmart Pharmacy and solicited business. The April 11, 2008 facsimile stated at the bottom: "If you wish to be removed from our fax distribution list, let us know and we will do so. Feel free to call us at any time with questions you

---

[1] The exhibits show that the faxes are dated for April 3 and April 11, 2008. There is no fax from April 8, 2008.

may have." The April 3 fax does not include this message or any similar message.

Plaintiff alleges that Defendants sent the same or similar facsimiles to more than 39 other individuals in connection with their work or operations. He further alleges that Defendants knew or should have known that he had not expressed consent to receive the faxes. Plaintiff alleges that he has no reasonable means of avoiding the facsimiles and they did not display a proper opt out notice as required by 64 C.F.R. § 1200. Plaintiff alleges that he was damaged due to loss of toner, ink, paper, and time.

Plaintiff requests statutory damages of $500 for each facsimile pursuant to the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227 and that a class is certified under Fed. R. Civ. P. 23.

### III.   LAW & ANALYSIS

#### A.   Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### B. Failure to State a Claim

Defendants first argue that the Court should dismiss Plaintiff's Complaint because it provides no factual support for its allegations. For example, Plaintiff alleges that the faxes did not include a valid opt out notice but the April 11, 2008 fax did include an opt-out notice. Further, Plaintiff alleges that the faxes were "part of Defendants' work or operations to market Defendants goods or services which were performed by Defendants and on behalf of Defendants." [Docket No. 1, Pg ID 3, ¶ 12] Defendants argue that there are no specific allegations as to any individual Defendant.

The TCPA makes it illegal for any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 42 U.S.C. § 227(b)(1)(C). There are three exceptions: (1) the sender has an established relationship with the recipient; (2) the number was received through voluntary communication or a directory or the like on the Internet and the recipient agreed to make the number available; or (3) the fax contains notice on the first page that is clear and conspicuous that the recipient may request their name to be removed and that failure to comply within 30 days is unlawful. *Id.*, 47 C.F.R. § 64.1200(a)(4). A sender is defined as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10). The TCPA creates a private right of action to recover actual loss or $500 for each violation. 47 U.S.C. § 227(b)(3)(B). "The TCPA is essentially a strict liability statute which imposes liability for erroneous unsolicited faxes." *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir.

2011). The Court may award treble damages if the defendant willfully or knowingly violated the TCPA. 47 U.S.C. § 227(b)(3). Otherwise, intent is not required.

The Court finds that the Complaint is sufficient. Plaintiff has alleged that the Defendants sent the faxes; that Plaintiff did not give his permission to receive such faxes; there was an insufficient opt-out notice;[2] and there was no established business relationship between Plaintiff and Defendants. Defendants are on notice of the allegedly offensive conduct: the two faxes sent on April 3 and 11, 2008. There is only one count comprised of two separate violations. The Defendants do not have to guess as to who did what. The faxes were both sent from Kmart Pharmacy. Defendants' motion to dismiss is denied.

### C. Motion to Strike Class Allegations

Defendants argue that Plaintiff's class action allegations should be stricken because Plaintiff cannot maintain a class action under Michigan law. A private action may be brought pursuant to the TCPA "if otherwise permitted by the laws or rules of court of a State, . . . in an appropriate court of that State." 47 U.S.C. at § 227(b)(3). Michigan Court Rule 3.501(A)(5) provides that for "[a]n action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action."

In *Shady Grove Orthopedic Associates v. Allstate Insurance Company* the Supreme Court, interpreting a New York court rule that prohibited class actions that sought penalties or statutory minimum damages, noted "that [Federal Rule of Civil Procedure 23] permits all class

---

[2] The opt-out notice on the April 11th fax indicated that the sender could be contacted but did not state that the request must be complied with within 30 days. There may also be a question as to whether the notice was "clear and conspicuous."

4

actions that meet its requirements, and a State cannot limit that permission by structuring one part of its statute to track Rule 23 and enacting another part that imposes additional requirements." 130 S.Ct 1431, 1439 (2010). The Supreme Court found that "a Federal Rule governing procedure is valid whether or not it alters the outcome of the case in a way that induces forum shopping." *Id.* at 1448.

Defendants urge the Court to apply the reasoning in the Second Circuit decision *Holster v. Gatco, Inc.*, 618 F.3d 214 (2d Cir. 2010). The question before that court was whether a TCPA class action may be maintained in federal court when New York procedure barred the action. The *Holster* court considered the impact of the recent Supreme Court case of *Shady Grove Orthopedic Associates v. Allstate Insurance Co.*, 130 S.Ct 1431 (2010). *Holster*, 618 F.3d at 216–17. The Court of Appeals explained that *Shady Grove* did not resolve the relationship between the TCPA and whether there is a federal cause of action. *Id.* The court noted that this is a question of statutory interpretation and found that Congress intended some but not all state court rules to define a cause of action for TCPA. *Id.* at 217. The Second Circuit concluded that "Congress intended to give states a fair measure of control over resolving problems that the TCPA addresses" and the ability to define when a class controls is within this intention. *Id.* at 218.

However, the Court does not find the reasoning in *Holster* persuasive. In *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), the Supreme Court held that the TCPA conferred federal question jurisdiction. In light of *Mims*, there is "no room" for Defendants' requested result because, as Rule 23 regulates procedure, any substantive purpose underlying a state law limiting class actions is irrelevant. *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012); *Weitzner v. Sanofi Pasteur, Inc.*, 2012 U.S. Dist. LEXIS 67016, *28 (M.D. Pa. May 14, 2012)

5

(noting that "now that the TCPA has recognized federal question jurisdiction, there is no room for a court to determine that any state class action law could preclude the application of Rule 23 to a TCPA class action"); *see also American Copper & Brass, Inc. v. Lake City Indus. Prods.*, 2012 U.S. Dist. LEXIS 102207 (W.D. Mich. July 24, 2012) (finding that, in light of the Supreme Court's decisions in *Shady Grove* and *Mims*, Rule 3.501 was not a bar to whether a class could be certified under the TCPA); *Jackson's Five Star Catering, Inc. v. Beason*, 2012 U.S. Dist. LEXIS 113759, 10–13 (E.D. Mich. July 26, 2012) (finding reasoning in *Holster* unpersuasive and rejecting Defendants' argument that Rule 3.501 applied). The Court has jurisdiction to consider a claim arising under the TCPA and is required to apply Rule 23 to determine whether the action may be maintained as a class, notwithstanding the existence of Rule 3.501. Rule 23 regulates procedure irrespective of its effect on state created rights. The Court finds that Rule 3.501 is not a bar to this action.

### IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss **[Docket No. 13, filed May 11, 2012]** is **DENIED**.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  March 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager